## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL ENGLAND (#95266)** | **CIVIL ACTION NO.** |
| **VERSUS** | **18-1031-BAJ-SDJ** |
| **JAMES M. LEBLANC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE=S REPORT.

Signed in Baton Rouge, Louisiana, on February 22, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL ENGLAND (#95266)** | **CIVIL ACTION NO.** |
| **VERSUS** | **18-1031-BAJ-SDJ** |
| **JAMES M. LEBLANC, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Carl England ("Plaintiff"), an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against James LeBlanc (Secretary), Warden N. Burl Cain, Mrs. Lamartiniere (Assistant Warden), and Sandra Rosso (Offender Banking). Plaintiff's Complaint involves an allegation that unauthorized transactions have been taxed against his account. For relief, Plaintiff requests a printout of all transactions from his account and that the money from unauthorized transactions be credited to his account.[1]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[2] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

---

[1] R. Doc. 1.

[2] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on April 16, 2019. (R. Doc. 7).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[3] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[4] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[5] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[6] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer.

Pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[7] Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.[8] In the instant case, Plaintiff has not alleged that state post-deprivation remedies are unavailable to him or are inadequate. To the contrary, it is recognized that Louisiana law provides ample remedies under which Plaintiff could proceed against Defendants for recovery of his property or for reimbursement for its loss.[9] Further, the failure of prison officials to follow

---

[3] *Denton*, 504 U.S. at 32-33.
[4] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[5] *Denton v. Hernandez, supra*, 504 U.S. at 32.
[6] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[7] *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). This is commonly referred to as the "Parratt/Hudson Doctrine."
[8] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). *See also, Batiste v. Lee*, Civ. Action No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009) (dismissing pro se prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*).
[9] *Id.* at 763.

prison rules or regulations does not amount to a violation of Plaintiff's constitutional rights.[10] Accordingly, Plaintiff's claim relative to an alleged loss of property is without constitutional merit.

To the extent Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[11]

Signed in Baton Rouge, Louisiana, on February 22, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). It appears Plaintiff attempts to attach constitutional dimension to the alleged false statements made by Boeker, but this fails. Whether Boeker has made or makes false statements regarding Plaintiff's property is a fact to be hashed out by the state court under state law, using the post-deprivation remedies available to Plaintiff. There is no cognizable constitutional claim for an officer making a false statement with respect to an investigation regarding lost or stolen property.

[11] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."